THE STATE, EX REL. KOKOCINSKI, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as State, ex rel. Kokocinski, *v.* Indus. Comm. (1984), 11 Ohio St. 3d 186.]

(No. 83-1476—Decided June 20, 1984.)

*Messrs. Wagoner, Steinberg, Chinnis & Dorf* and *Mr. Michael D. Dorf,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Lee M. Smith* and *Mr. Richard C. Slavin,* for respondent Industrial Commission.

*Messrs. Spengler, Nathanson, Heyman, McCarthy & Durfee, Mr. James P. Triona* and *Mr. James M. Sciarini,* for respondent Toledo Building Services Co.

*Per Curiam.* It is well-settled that "the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16 [58 O.O.2d 70]. Furthermore, "where the record contains some evidence to support the commission's factual findings, these findings will not be disturbed." *State, ex rel. Humble,* v. *Mark Concepts, Inc.* (1979), 60 Ohio St. 2d 77 [14 O.O.3d 275]. Conversely, "[w]here there is no evidence upon which the commission could have based its factual conclusion an abuse of discretion is present and mandamus becomes appropriate." *State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42 [13 O.O.3d 30].

Relator argues that the commission abused its discretion when, based upon the facts of record, it found relator not to be permanently and totally disabled. We agree.

Respondents argue that the reports of Drs. Cooke and McCloud provide evidence in support of the commission's order and that the order should therefore not be disturbed. In *State, ex rel. Jennings,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 101, 102, this court held that "where a medical expert has, by deposition testimony, repudiated a conclusion previously made in a medical report, that report cannot constitute evidence to support the order of the commission."

Respondents contend that Dr. Cooke merely "clarified" his earlier opinion by distinguishing between the terms of "impairment" and "disability." Further, respondents argue that Dr. Cooke is not competent to draw administrative conclusions such as how much disability results from a certain amount of physical impairment.

Although the Medical Examination Manual issued by the commission on October 5, 1981 does distinguish between determinations of extent of "impairment," which are medical in nature, and determinations of extent of "disability," which are administrative in nature, it should be noted that in the instant case doctors' reports containing an opinion as to extent of relator's disability, *including* that submitted by Dr. McCloud in the instant case, have been referred to and relied upon. In addition, a review of the transcript of Dr. Cooke's deposition clearly bears out relator's contention that Dr. Cooke

repudiated his earlier report. His report therefore cannot constitute evidence to support the order of the commission. *State, ex rel. Jennings,* v. *Indus. Comm., supra.* The application of the rule in *Jennings,* however, does not dispose of the instant case. In *Jennings,* "there was no evidence but the repudiated report * * * to support the order of the commission * * *." *Id.* at 103. In the instant case, the claimant's file also contained the report of Dr. McCloud.

Dr. McCloud, taking note of relator's lack of education and vocational training, estimated that she would have difficulty finding work other than that which she was doing prior to her injury, *i.e.,* unskilled manual labor. He also reported that the loss of strength and range of motion would limit "any activity wherein the hand is required to be positioned in front of oneself doing any activity." In spite of Dr. McCloud's conclusion to the contrary, these findings demonstrate that relator's disability has effectively prevented her from returning to her former position of employment. This court has consistently required that determinations of disability be based on a claimant's ability to return to the type of work for which he or she is qualified. See *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630 [23 O.O.3d 518].

The respondents argue that Dr. Williams' report, inasmuch as it was effectively rejected in the commission's order denying relator's first motion, could not constitute evidence to support a second, identical motion. Dr. Williams' report, although somewhat remote in time, was relevant and admissible in that it tended to prove an element of an ultimate fact. See *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165, 168 [22 O.O.3d 400], citing *Fox* v. *Indus. Comm.* (1955), 162 Ohio St. 569, 577 [55 O.O. 472].

The facts of the case are clear. Relator's educational and vocational background limits her employment opportunities to those involving unskilled manual labor. Her injury effectively prevents her from performing those types of activities. There was no evidence upon which the commission could have determined otherwise. Accordingly, the writ prayed for is allowed.

*Writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in judgment only.

W. BROWN, J., dissents.