THE STATE, EX REL. KOONCE, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as State, ex rel. Koonce, *v.* Indus. Comm. (1985), 18 Ohio St. 3d 60.]

(No. 84-884—Decided June 26, 1985.)

*George N. Fell II* and *Steven E. Marcus,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Lee M. Smith* and *Dennis L. Hufstader,* for appellee Industrial Commission of Ohio.

*Per Curiam.* The court of appeals granted a writ of mandamus in this case to require the Industrial Commission to vacate its finding that appellant had fraudulently procured benefits. The court held that "the commission must make a finding that the claimant * * * [appellant] in fact did

obtain the benefits through fraud," and remanded the cause for that purpose.[1] We agree with the court below. Where allegations of fraud are involved in a termination-of-benefits case, the Industrial Commission must make a specific finding as to the fraud issue. Mere conclusory statements in the commission's pronouncement will not sustain an order cancelling benefits where fraud is alleged.[2] Without a specific finding, the commission's order terminating compensation will be ordered vacated.

The only remaining question in this case, then, is whether the evidence before the Industrial Commission supports its order that appellant's compensation be terminated because she is not permanently and totally disabled.

As already mentioned, appellant's permanent-and-total-disability claim was allowed because of a back injury and the urinary condition. Benefits later were terminated because of the alleged fraud and the "finding of the Commission that from the reports of medical specialist[s] Dr. William Sloan and Dr. Mark Bohm, that claimant is not permanently and totally disabled at this time."

In *State, ex rel. Anderson,* v. *Indus. Comm.* (1981), 62 Ohio St. 2d 166, at 168 [16 O.O.3d 199], this court held that "where the issue before the commission is whether a claimant is permanently and totally disabled on account of the combined effect of two or more allowed conditions, medical testimony not evaluating the combined effect of those conditions cannot constitute evidence that the claimant is not permanently and totally disabled."

More recently, in *State, ex rel. Norman,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 263, 265, the court said: "However, if a physician determines that one is not permanently and totally disabled as the result of one condi-

---

[1] Appellant states that she "does not contest the decision of the Franklin County Court of Appeals in this case ordering the Industrial Commission to conduct a formal hearing to determine whether [appellant] was guilty of fraud in her receipt of unemployment compensation benefits while alleging permanent and total disability * * *."

[2] This court has, of course, commented on the responsibility of the Industrial Commission to review claims when it has cause to do so:

" '* * * The commission should be held to have inherent power to prevent the misappropriation or the misapplication of the insurance fund to claimants who are afterwards found not to be entitled thereto. The state insurance fund is in the nature of a trust fund and it is the duty of the commission to impartially distribute the same among persons entitled thereto and not permit the fund to be depleted or become the object of fraud or imposition, and it being clearly their [*sic*] moral and legal duty to correct any mistake or fraud or imposition which will result in a misapplication or misappropriation of any part of the fund the law should not be so construed, even in the case of ambiguity, neither should the legislature be held to have intended to enact any provisions which would in any manner hamper or interfere with the members of the commission in their efforts to properly protect the fund.' " *State, ex rel. Weimer,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 159, 161 [16 O.O.3d 174], quoting *Indus. Comm.* v. *Dell* (1922), 104 Ohio St. 389, 396-397. See, also, R.C. 4123.52, which confers continuing jurisdiction on the Industrial Commission to "make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified."

tion, the physician must continue and analyze the additional allowed conditions to determine their combined effect upon the injured worker evaluated. This is the real meaning of *Anderson, supra* [62 Ohio St. 2d 166 (16 O.O.3d 199)]. Obviously, one must look at the person as a whole in evaluating whether [he] can work or not."

In the present case, neither of the medical reports relied upon by the commission covers all of the conditions allowed in appellant's original claim. Dr. Sloan, in his evaluation, only discussed appellant's problem with incontinence; he neglected to mention anything about appellant's back condition and to what degree the two, taken together, have rendered the appellant physically impaired. Under *Anderson* and *Norman, supra,* Dr. Sloan's report does not constitute evidence that can support the Industrial Commission's ruling.

Dr. Bohm evaluated appellant's back injury and concluded that she was only thirty to forty percent permanently and partially disabled. He did not offer any opinion as to what extent appellant's other problems physically affected her. With respect to the urinary condition, Dr. Bohm merely acceded to the judgment of Dr. Sloan. Again, under *Anderson* and *Norman, supra,* the report of Dr. Bohm does not constitute evidence supportive of the finding of the Industrial Commission. See, also, *State, ex rel. Anderson,* v. *State* (1979), 60 Ohio St. 2d 106 [14 O.O.3d 339].

R.C. 4123.58(A) states: "In cases of permanent total disability, the employee shall receive an award to continue until his death * * *." This provision places a burden upon the Industrial Commission heavier than that which it carried here. Once determining that permanent and total disability exists, the Industrial Commission must have before it reliable, probative, and substantial evidence before it can terminate an award made pursuant to its original findings. Such evidence was lacking in this case because neither doctor's report relied upon by the commission can justify its finding that appellant was no longer permanently and totally disabled. "Where there is no evidence upon which the commission could have based its factual conclusion, an abuse of discretion is present and mandamus becomes appropriate." *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165, 167 [22 O.O.3d 400].

Therefore, in view of the foregoing, we conclude that the judgment of the court of appeals should be affirmed insofar as it allows a writ of mandamus vacating the Industrial Commission's order and remanding the cause for consideration of the fraud issue. The judgment of the court of appeals should be reversed, however, with respect to its holding that the Industrial Commission did not abuse its discretion in deciding that appellant was no longer permanently and totally disabled. A writ of mandamus is hereby allowed directing the Industrial Commission to vacate such determination.

*Judgment affirmed in part, reversed in part and writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN, DOUGLAS and CONNORS, JJ., concur.

HOLMES, J., concurs in part and dissents in part.

CONNORS, J., of the Sixth Appellate District, sitting for WRIGHT, J.

HOLMES, J., concurring in part and dissenting in part. In that I believe the court of appeals was correct as to both issues presented here, I would affirm the court of appeals in all respects.