THE STATE, EX REL. WOODARD, APPELLEE, *v.* FRIGIDAIRE DIVISION, GENERAL MOTORS CORP., APPELLANT, ET AL.

[Cite as State, ex rel. Woodard, *v.* Frigidaire (1985), 18 Ohio St. 3d 110.]

(No. 84-1294—Decided July 3, 1985.)

*Cowden, Pfarrer, Crew & Becker* and *Joseph P. Buchanan,* for appellant.

*E.S. Gallon & Assoc.* and *Richard M. Malone,* for appellee.

*Per Curiam.* In *State, ex rel. Jennings,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 101, at 102, this court held that "where a medical expert has by deposition testimony, repudiated a conclusion previously made in a medical report, that report cannot constitute evidence to support the order of the commission."

In the instant case, the commission relied upon the reports of Drs. Sastry and Paley. Both doctors, in later deposition testimony, effectively repudiated their earlier findings. Cf. *State, ex rel. Kokocinski,* v. *Indus. Comm.* (1984), 11 Ohio St. 3d 186.

Moreover, neither report used by the commission to justify its order complies with the rule set forth in the cases of *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199], and *State, ex rel. Norman,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 263. Those cases hold that "where the issue before the commission is whether a claimant is permanently and totally disabled on account of the combined effect of two or more allowed conditions, medical testimony not evaluating the combined effect of those conditions cannot constitute evidence that the claimant is not permanently and totally disabled." *Anderson, supra,* at 168. "[I]f a physician determines that one is not permanently and totally disabled as the result of one condition, the physician must continue and analyze the

---

[1] In *State, ex rel. Mitchell,* v. *Robbins & Meyers, Inc.* (1983), 6 Ohio St. 3d 481, we condemned the use of this homogeneous language. We said at 483-484 that "* * * [c]laimants and employers alike, who appear before the commission, are frequently informed that requested benefits are either being granted or denied based on 'the evidence in the file and/or the evidence adduced at the hearing.' * * * [W]e will, when necessary, henceforth grant a writ of mandamus directing the commission to specify the basis of its decision. [Citations omitted.] * * * [T]his court will no longer search the commission's files for 'some evidence' to support an order of the commission not otherwise specified as a basis for its decision." We note, however, that in *State, ex rel. Hudson,* v. *Indus. Comm.* (1984), 12 Ohio St. 3d 169, 171, at fn. 1, we declined to retroactively apply the *Mitchell* rule. See, also, *State, ex rel. Burdette,* v. *Dayton Walther Corp.* (1984), 14 Ohio St. 3d 29, 31.

additional allowed conditions to determine their combined effect upon the injured worker evaluated. * * * Obviously, one must look at the person as a whole in evaluating whether they can work or not." *Norman, supra,* at 265.

In the present case, Dr. Sastry addressed appellee's psychiatric problems and nothing more; Dr. Paley addressed appellee's physical problems and nothing more. Under the circumstances, neither doctor's report can constitute evidence on which the Industrial Commission can ground its order.

Apparently, the court of appeals felt that because the written reports failed the *Anderson* and *Norman* test, the reports of appellee's doctors constituted the only evidence upon which the commission could rely, and that evidence could only support a finding that appellee was permanently and totally disabled.[2] We agree. Furthermore, the deposition questions put to both Drs. Paley and Sastry take into account the combined effect of appellee's conditions not considered by those doctors in their written reports. The deposition testimony addresses "the person as a whole" and is a reliable indicator of appellee's condition.

We have repeatedly said that where there is no evidence upon which the Industrial Commission can base its conclusion, mandamus will lie to correct the resulting abuse of discretion. See, *e.g., State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42 [13 O.O.3d 30]; *State, ex rel. Kokocinski, supra,* at 188. Such circumstances exist here, and thus, the judgment of the court of appeals is affirmed and the writ of mandamus is allowed.

*Judgment affirmed and*
*writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

---

[2] Both of appellee's medical specialists, Drs. Nonell and Frazier, each found appellee to be completely impaired based on an evaluation of only one of her infirmities. Under our decision in *State, ex rel. Norman,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 263, it was unnecessary for them to make a finding encompassing all of appellee's illnesses. The syllabus in that case reads: "The rule stated in *State, ex rel. Anderson,* v. *Indus. Comm.,* 62 Ohio St. 2d 166 [16 O.O.3d 199], applies only to medical reports which conclude a claimant is not permanently and totally disabled. Where a medical report concludes that a claimant is permanently and totally disabled on the basis of one condition alone, the *Anderson* test does not preclude use of that report as evidence of claimant's permanent and total disability."