THE STATE, EX REL. BRADY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF
OHIO, APPELLEE, ET AL.

[Cite as State, ex rel. Brady, *v.* Indus. Comm. (1986),
28 Ohio St. 3d 241.]

(No. 86-158—Decided December 30, 1986.)

*Edward J. Cox* and *Edward J. Cox, Jr.,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Slavin,*
for appellee.

*Per Curiam.* For the reasons to follow we affirm the denial of the
writ of mandamus.

Only where the record is devoid of some evidence to support the com-
mission's order will an abuse of discretion exist. *State, ex. rel. Elliott,* v.
*Indus. Comm.* (1986), 26 Ohio St. 3d 76, 79; *State, ex rel. Hutton,* v. *Indus.
Comm.* (1972), 29 Ohio St. 2d 9, 13 [58 O.O.2d 66].

Appellant presents two theories for recovery. The first is that an ex-
amining doctor must present an opinion on whether the claimant can per-
form remunerative employment or the doctor's testimony is not "evi-

dence." The second theory avers that the commission must address the issue of sustained remunerative employment before being allowed to render a disability determination. We reject both these theories. Appellant would have this court usurp the commission's responsibilities and compel the commission to only accept evidence that supports claimant's position.

The weight to be assigned to conflicting evidence is in the province of the Industrial Commission, not this court. *State, ex rel. Elliott, supra,* at 79. Insofar as some evidence was presented to support the commission's decision, it will not be overturned. *State, ex rel. Allerton,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 396, 397 [23 O.O.3d 358]. Moreover, because decisions that come to us from the commission have a presumption of regularity (see, *e.g., State, ex rel. Rouch,* v. *Eagle Tool & Machine Co.* [1986], 26 Ohio St. 3d 197, concurring opinion by Douglas, J., at 215), we will not compel the commission to specifically, and expressly, disprove every potential basis for compensation, either real or imagined, before we allow a commission decision to stand. The issue of remunerative employment is an aspect of the commission's disability determination and therefore need not be expressly addressed by those individuals, such as examining physicians, who present evidence with respect to levels of impairment. Obviously, if the commission does not find permanent and total disability it has concluded that the claimant is capable of sustained remunerative employment.

This is an action for a writ of mandamus. Thus, the burden is on the relator to show that the commission committed an abuse of discretion. *State, ex rel. Morris,* v. *Indus. Comm.* (1984), 14 Ohio St. 3d 38, 39. Relator must affirmatively demonstrate that the commission acted from perversity of will, passion, prejudice, partiality or moral delinquency. Relator-appellant has not met her burden.

Accordingly, the judgment of the court of appeals is affirmed and the writ is denied.

*Judgment affirmed.*

LOCHER, HOLMES and WRIGHT, JJ., concur.

SWEENEY and DOUGLAS, JJ., concur in judgment only.

CELEBREZZE, C.J., dissents.

C. BROWN, J., dissents, with opinion.

CLIFFORD F. BROWN, J., dissenting.   I dissent from today's decision for the following reasons. First, I must voice my vigorous disapproval of the majority's use of the abhorrent "some evidence" jargon. My dislike of this standardless standard has been expressed on many occasions. See,

*e.g., Meeks* v. *Ohio Brass Co.* (1984), 10 Ohio St. 3d 147, 149-150 (Clifford F. Brown, J., concurring). My position remains unchanged. The "some evidence" doubletalk is merely a meaningless rubber stamp used to validate unjust decisions of the Industrial Commission. I cannot concur in its continued use.

Second, the majority opinion ignores certain critical aspects of the evidence which I believe warrant issuance of the writ.

The majority states, correctly, that Dr. J.Q. Brown examined claimant and stated in his report that "I would not consider her to be PTI. I would consider her to have a PTI of moderate degree [*i.e.*] 45%." What the majority conveniently disregards is that Dr. Brown subsequently repudiated this report when he stated in his deposition that "I don't think this patient could do the type of occupation that she was doing as you've described it in here which is the standard type of work for a licensed practical nurse. * * *" This court has held that "where a medical expert has, by deposition testimony, repudiated a conclusion previously made in a medical report, that report cannot constitute evidence to support the order of the commission." *State, ex rel. Jennings,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 101, 102. See, also, *State, ex rel. Kokocinski,* v. *Indus. Comm.* (1984), 11 Ohio St. 3d 186, 188; *State, ex rel. Woodard,* v. *Frigidaire* (1985), 18 Ohio St. 3d 110, 113.

Dr. Tramer is the last remaining physician of the three relied on by the commission in its order. His report is also defective. While stating that claimant suffered a "60% permanent partial impairment," Dr. Tramer's report did not address the question of whether claimant was capable of any sustained remunerative employment as required by *State, ex rel. Morris,* v. *Indus. Comm.* (1984), 14 Ohio St. 3d 38, 40. See, also, *State, ex rel. Adkins,* v. *Indus. Comm.* (1986), 24 Ohio St. 3d 180, 182; *State, ex rel. Hutt,* v. *Frick-Gallagher Mfg. Co.* (1984), 11 Ohio St. 3d 184, 185; *State, ex rel. Paragon,* v. *Indus. Comm.* (1983), 5 Ohio St. 3d 72, 76; *State, ex rel. Jennings,* v. *Indus. Comm., supra,* at 102.

The reports of Dr. Edward W. Shannon are the only evidence on which the commission may rely. Dr. Shannon rendered at least five reports. In no less than two of these, Dr. Shannon opined that claimant was "totally and permanently disabled" and "totally disabled."

Finally, and perhaps most importantly, it is my view that the Industrial Commission, when it assesses disability, must take into account such nonmedical factors as age, education, work history, mental acuity and transferable work skills. The Industrial Commission's order contains no expression that these factors were considered.

In *State, ex. rel. Norman,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 263, 265, this court emphasized the importance of considering the entire human being when determining disability claims: "Obviously, one must look at the person as a whole in evaluating whether * * * [he or she] can work or not." Accord *State, ex rel. Koonce,* v. *Indus. Comm.* (1985), 18 Ohio St. 3d 60, 63;

*State, ex rel. Woodard,* v. *Frigidaire, supra,* at 114. This conclusion follows from a holding by this court in *State, ex rel. Coen,* v. *Indus. Comm.* (1933), 126 Ohio St. 550, 552, where it is stated: "The Industrial Commission is not bound by the conclusions given by any person presenting the evidence, but must make its own conclusions from *all of the evidence before it.*" (Emphasis added.)

In sum, none of the reports cited by the commission in its order constitutes reliable evidence supporting its finding that claimant is not permanently and totally disabled. In my view, claimant is therefore entitled to the writ she seeks. I would reverse the judgment of the court of appeals and issue a writ directing the commission to enter an order awarding claimant compensation for permanent total disability.