DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Judy Maynard, has filed this original action requesting this court to issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying her permanent total disability ("PTD") compensation, and to enter an order granting said compensation.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny the requested writ of mandamus. (Attached as Appendix A.)
 {¶ 3} Relator has filed objections to the magistrate's decision in which she reargues issues identical to those previously considered and rejected by the magistrate. Upon review of the record, this court finds that the magistrate properly discerned the pertinent legal issues and applied the relevant law to those issues. In particular, the magistrate correctly found that because the commission did not rely on the report of Dr. Lineberger, it was not required to comment upon either the report or deposition. State ex rel. Lovell v. Indus. Comm. (1996),74 Ohio St.3d 250, 253. Further, the magistrate properly found that the commission did not abuse its discretion in failing to rely upon an employability assessment report in assessing the nonmedical factors, as the commission is the expert on the vocational or nonmedical factors in a PTD determination. Stateex rel. Jackson v. Indus. Comm. (1997), 79 Ohio St.3d 266.
 {¶ 4} Following independent review of the record, this court finds that the magistrate has properly determined the pertinent facts and applied the salient law to those facts. Accordingly, this court adopts the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, the requested writ of mandamus is denied.
Objections overruled, writ of mandamus denied.
BOWMAN and KLATT, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Judy Maynard, : Relator, : v. : No. 03AP-371 Invensys Appliance Controls and : (REGULAR CALENDAR) Industrial Commission of Ohio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on November 20, 2003 IN MANDAMUS {¶ 5} In this original action, relator, Judy Maynard, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her permanent total disability ("PTD") compensation, and to enter an order granting said compensation.
 Findings of Fact {¶ 6} 1. On September 26, 1978, relator sustained an industrial injury which is allowed for: "Lumbosacral strain with pain radiating to hips; chronic adjustment disorder with anxiety conversion features; depression, lumbar disc degeneration at L5-S1," and is assigned claim number 78-53369. On the date of her injury, relator was employed as a "spot welder" for respondent Invensys Appliance Controls ("employer").
 {¶ 7} 2. On June 21, 2001, relator filed an application for PTD compensation.
 {¶ 8} 3. On January 22, 2002, relator was examined at the commission's request by orthopedic surgeon Joseph H. Rapier, Jr., M.D. In his report, Dr. Rapier found that the physical conditions of the claim result in a "5% functional impairment to the body as a whole." On the physical strength rating form, Dr. Rapier indicated that relator is medically able to perform "sedentary work."
 {¶ 9} 4. Relator was also examined at the commission's request by psychologist Mable Rowe Lineberger, Ph.D. In her report, dated January 20, 2002, Dr. Lineberger opined that relator is "moderate-to-markedly psychologically impaired." On the occupational activity assessment form, Dr. Lineberger indicated that the allowed psychological condition precludes all sustained remunerative employment.
 {¶ 10} 5. The employer moved to depose Dr. Lineberger. The employer's motion was granted and Dr. Lineberger's deposition was taken. A transcript of the deposition was produced for the record.
 {¶ 11} 6. On November 15, 2001, relator was examined at the employer's request by Gordon Zellers, M.D. Dr. Zellers examined only for the physical conditions of the claim. Dr. Zellers found that relator cannot return to her former position of employment as a spot welder. However, she is able to perform "sedentary to modified light duty" work.
 {¶ 12} 7. On November 15, 2001, relator was examined at the employer's request by psychiatrist Ronald Litvak, M.D. Dr. Litvak reported that "she is capable of sustained remunerative employment without restrictions."
 {¶ 13} 8. The commission requested an employability assessment report from Thomas Nimberger, a vocational expert. In his report, Nimberger listed employment options corresponding to the medical reports of Drs. Rapier, Zellers, and Litvak. The Nimberger report further states:
III. EFFECTS OF OTHER EMPLOYABILITY FACTORS
1) Question: How, if at all, do the claimant's age, education, work history or other factors (physical, psychological and sociological) effect his/her ability to meet basic demands of entry level occupations?
Answer: Age: Writer does not view age to be valid determin-ing factor for function.
Education: Claimant's 12th grade, High School educational achievement, in addition to her self-report of being able to read and write a [sic] and perform basic math functions, presents as a positive educational profile regarding employ-ability.
Work History: Claimant's self-reported 6-year Work History entailed work that is considered Level 2/Unskilled regarding Specific Vocational Preparation and is regarded as Light to Heavy concerning Strength Capacity.
Claimant did not learn any skills that would transfer within Residual Functional Capacity.
* * *
2. Question: Does your review of background data indicate whether the claimant may reasonably develop academic or other skills required to perform entry level Sedentary or Light jobs?
Answer: File review indicates that claimant would be capable of remediation should that be required in order for her to re-enter the work force, but that probably any type of formal training would not be successful.
3. Question: Are there significant issues regarding potential employability limitations or strengths which you wish to call to the SHO's attention?
Answer: The fact that claimant has not worked in over 20 years, since 1982, is an extremely debilitating factor regarding employability, one that at this juncture would be extremely difficult to overcome.
 {¶ 14} 9. The employer requested an employability assessment report from Vincent D. Pellegrino, a vocational expert. Pellegrino wrote:
When considering the medical opinions rendered by Drs. Litvak, Zellers, and Rapier, and taking into account the relevant vocational factors; most notably age and education, the claimant would remain capable of sustained remunerative employment. Examples of feasible occupational alternatives are provided in Section 1 of this report. Descriptions of each occupation are provided in the Addendum of this report.
 {¶ 15} 10. Following a January 15, 2003 hearing, a staff hearing officer ("SHO") issued an order denying relator's PTD application. The SHO's order states:
The claimant is 44 years old, has a High School education, and a work history as a spot welder and fast food worker. Her treatment has been strictly conservative, consisting of periodic office visits, some passive physical therapy, and prescription medications, including psychotropics. Her claim was addition-ally allowed for a psychiatric condition in 1985. She last performed any type of employment in 1982, at which time she was only 24 years old. She has never participated in any type of medical or vocational rehabilitation since she last worked over 20 years ago.
Commission medical specialist Dr. Rapier has indicated that the claimant has a minimal 5 percent impairment, and that she would be capable of performing sedentary work based on the allowed physical conditions. The employer's orthopedic specialist Dr. Zellers has indicated that the claimant would be limited to performing sedentary work based on the allowed physical conditions. The employer's psychiatric specialist Dr. Litvak has indicated that the allowed psychiatric condition would not preclude the claimant from being able to perform her former position of employment, or other sustained remunerative employment. Based on the conclusions of Drs. Rapier, Zellers and Litvak it is found that the claimant has the residual functional capacity to perform sedentary work.
The claimant's age of 44 is considered to be a positive vocational factor. Her age of 24 when she last worked would be considered to have been an extremely positive vocational factor. Her education is also considered to be a positive vocational factor. It is also noted that she indicated on the application that she can read, write, and do basic math, which is an indication that she possesses more than basic academic skills. Her work history is not considered to be a positive vocational factor, as it was very limited, remote in time, and would not have provided her with many skills which would be directly transferable to sedentary work.
It is found that, pursuant to the Speelman [State ex rel.Speelman v. Indus. Comm. (1992), 73 Ohio App.3d 757], Bowling
[State ex rel. Bowling v. Natl. Can Corp. (1996),77 Ohio St.3d 148], and Wilson [State ex rel. Wilson v. Indus. Comm.
(1997), 80 Ohio St.3d 250] line of cases, a claimant has a duty to participate in reasonable and appropriate medical and vocational rehabilitation programming in an effort to increase their functional capacity, and/or develop new, marketable job skills, and thereby increase their potential for re-employment. The claimant in this case has made no effort whatsoever to do so over the past 20 years, despite the fact that she has a High School education, and has been at a very young age during this time period since she last worked. Her age and education would have enabled her to successfully participate in vocational retraining efforts to obtain new job skills to facilitate her return to sedentary employment. She still is at a young enough age to so participate. She is not found to have been, pursuant to the Supreme Court's statement in the B.F. Goodrich [State exrel. B.F. Goodrich Co. v. Indus. Comm. (1995),73 Ohio St.3d 525] case, an injured worker who is so severely disabled that there is absolutely no possibility for re-employment.
Therefore, based on the conclusions of Drs. Rapier, Zellers, and Litvak concerning the claimant's residual functional capacity, the above discussion of her non-medical disability factors, and the above discussion of her rehabilitation potential and lack of participation, it is found that the claimant is not, and has not been permanently precluded from returning to any type of sustained remunerative employment.
11. On April 16, 2003, relator, Judy Maynard, filed this mandamus action.
 Conclusions of Law {¶ 16} Two issues are presented: (1) whether the commission abused its discretion by failing to comment upon Dr. Lineberger's report and deposition; and (2) whether the commission abused its discretion in determining that relator can return to sustained remunerative employment when the commission's employability assessor, Mr. Nimberger, indicated some negative factors regarding employability.
 {¶ 17} The magistrate finds: (1) the commission did not abuse its discretion by failing to comment upon Dr. Lineberger's report and deposition; and (2) the commission did not abuse its discretion in determining that relator can return to sustained remunerative employment notwithstanding Nimberger's report.
 {¶ 18} Accordingly, as more fully explained below, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
 {¶ 19} With respect to the first issue, relator argues:
* * * There appears to be an incongruity here in that the Industrial Commission felt it was in order to take Dr. Lineberger's deposition and yet the Staff Hearing Officer makes no comment in reference to the doctor's evaluation, report, and deposition testimony.
(Relator's brief at 9.)
 {¶ 20} Relator's argument is easily answered. The commission did not rely upon Dr. Lineberger's report and, therefore, it was not required to comment upon the report and deposition. State exrel. Lovell v. Indus. Comm. (1996), 74 Ohio St.3d 250, 253, is instructive. The Lovell court states:
State ex rel. Mitchell v. Robbins Myers, Inc. (1983),6 Ohio St.3d 481, * * * directed the commission to cite in its orders the evidence on which it relied to reach its decision. Reiterating the concept of reliance, State ex rel. DeMint v.Indus. Comm. (1990), 49 Ohio St.3d 19, 20, * * * held:
"Mitchell mandates citation of only that evidence relied
on. It does not require enumeration of all evidenceconsidered." (Emphasis original).
Therefore, because the commission does not have to list the evidence considered, the presumption of regularity that attaches to commission proceedings (State ex rel. Brady v. Indus. Comm.
[1989], 28 Ohio St.3d 241 * * *) gives rise to a second presumption — that the commission indeed considered all the evidence before it. That presumption, however, is not irrebuttable, as Fultz [State ex rel. Fultz v. Indus. Comm.
(1994), 69 Ohio St.3d 327] demonstrates.
(Emphasis sic.)
 {¶ 21} Here, the presumption of regularity controls. Relator has failed to show that the commission failed to consider Dr. Lineberger's report and deposition. The presumption is that the commission did consider Dr. Lineberger's report and deposition but simply decided not to rely upon them.
 {¶ 22} Moreover, contrary to relator's suggestion here, there is no "incongruity" when the commission allows a deposition of a doctor and then refuses to rely upon the doctor's report and deposition without comment. The commission's actions in that regard are clearly within its discretion and relator is not entitled to a commission comment as to why Dr. Lineberger's report was not found to be persuasive. Lovell, supra.
 {¶ 23} With respect to the second issue, relator argues:
The Relator would submit that the Staff Hearing Officer of the Industrial Commission has abused his discretion in indicating that the Relator can return to sedentary work when the employability assessors could not identify a job that the Relator could perform. * * *
(Relator's brief at 10.)
 {¶ 24} Relator's second argument is also easily answered. The commission did not rely upon an employability assessment report in determining that the nonmedical factors permit sustained remunerative employment.
 {¶ 25} It is well-settled that the commission is the expert on the vocational or nonmedical factors in a PTD determination.State ex rel. Jackson v. Indus. Comm. (1997),79 Ohio St.3d 266. Thus, the opinion of the vocational experts is not critical or even necessary to support the commission's nonmedical analysis. Id.
 {¶ 26} Here, the commission's order clearly indicates that the commission rendered its own analysis of the vocational factors and did not rely upon the Nimberger report or the Pellegrino report. It was clearly within the commission's discretion to do so.
 {¶ 27} The magistrate further observes that in rendering its own analysis of the nonmedical factors, the commission found that relator's age of 44 years is considered to be a positive vocational factor and that her high school education is considered to be a positive vocational factor. The commission also noted that relator can read, write, and do basic math which is an indication that she possesses more than basic academic skills.
 {¶ 28} On the negative side, the commission's order states:
* * * Her work history is not considered to be a positive vocational factor, as it was very limited, remote in time, and would not have provided her with many skills which would be directly transferable to sedentary work.
 {¶ 29} The commission's analysis of the nonmedical factors complies with State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203, and is supported by some evidence. It was within the commission's prerogative to conclude that, at age 44 years, relator's age is a positive vocational factor. State ex rel.Ellis v. McGraw Edison Co. (1993), 66 Ohio St.3d 92; State exrel. Murray v. Mosler Safe Co. (1993), 67 Ohio St.3d 330. It was also within the commission's prerogative to view relator's high school education as a positive vocational factor. Id. It was also within the commission's fact-finding discretion to determine that relator's ability to read, write, and do basic math are positive vocational assets. State ex rel. West v. Indus. Comm. (1996),74 Ohio St.3d 354.
 {¶ 30} Moreover, contrary to relator's suggestion, that her work history is not a positive vocational factor does not require the commission to award PTD compensation. As the court observes in State ex rel. Ewart v. Indus. Comm. (1996),76 Ohio St.3d 139, lack of transferable skills does not mandate a PTD award.
 {¶ 31} Here, the commission had no difficulty explaining why relator's nonmedical factors will permit her to return to sustained remunerative employment. The commission's nonmedical analysis complies with Noll, supra, and is supported by some evidence.
 {¶ 32} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.