DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Donald Brown, appeals a judgment of the Summit County Court of Common Pleas, which overruled a magistrate's decision and denied him attorney fees which had been deemed warranted by the magistrate. We reverse.
 I. {¶ 2} On November 27, 1996, the appellees in this appeal filed a breach of contract compliant against Mr. Brown. On July 14, 1997, they voluntarily dismissed the complaint, but shortly thereafter, Mr. Brown moved for attorney fees, claiming frivolous conduct by them and their attorney, Mark Riddle. Following a hearing, a magistrate determined that attorney fees of $13,174 were warranted against both the attorney and the parties. However, due to improper notice to the parties, the trial court referred the issue back to the magistrate.
 {¶ 3} On July 12, 1999, attorney Mark Riddle died. The renewed hearing occurred on May 2, 2000, at which the appellees represented themselves, pro se. The magistrate reaffirmed the prior decision, specifically finding the parties were just as responsible as the attorney for the frivolous conduct under an agency theory, and reissuing the recommendation of $13,174 in attorney fees. The appellees objected with the trial court, Mr. Brown opposed the objection and the appellees filed a further objection, contesting Mr. Brown's opposition.
 {¶ 4} On April 16, 2004, the trial court overruled the magistrate's decision and denied the attorney fees. Mr. Schock timely appealed, asserting three assignments of error for review. The second assignment of error is addressed first, as it is dispositive of the appeal.
 II. A. Second Assignment of Error
"The trial court abused its discretion by reversing the magistrate's award of attorney's fees."
 {¶ 5} Mr. Schock contends that the trial court's decision was unfounded by the evidence and constitutes an abuse of discretion warranting reversal. We agree.
 {¶ 6} An abuse of discretion exists when the record is devoid of even some evidence on which the finder of fact bases a decision. State exrel. Brady v. Indus. Comm. (1986), 28 Ohio St.3d 241, 241. An abuse of discretion is more than an error of law or judgment; it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 7} In overruling the magistrate's decision, the trial court stated succinctly: "The court finds that the conduct of Attorney Riddle was a direct result of his mental impairment due to advanced cancer of the brain." However, there is no support for this factual "finding" anywhere in the record, and therefore, a decision founded on such a finding is necessarily in error. Based on prevailing law, we must conclude that such a decision is an abuse of discretion. See Brady, 28 Ohio St.3d at 241. This assignment of error is sustained.
 {¶ 8} At the prompting of the dissent, we feel compelled to emphasize that we are deciding only the impropriety of the trial court's peculiar rationale, which was the issue put before us for review, and are remanding for a full and fair reconsideration by the trial court, as is its proper role. See Marbury v. Madison (1803), 5 U.S. 137, 175, 2 L.Ed. 60
("It is the essential criterion of appellate jurisdiction, that it revises and corrects the proceedings in a cause already instituted, and does not create that cause."). While the dissent makes an energetic and beguiling argument on behalf of the appellees, we are not persuaded that the law is so clear on this issue as to remove the benefit of further hearing on this particular issue, should the trial court deem it warranted. That is, we are not convinced that this case represents "a correct judgment * * * reached for the wrong reason." State v. Lozier,101 Ohio St.3d 161, 2004-Ohio-732, at ¶ 46. In particular, we trust that at a proper hearing a capable attorney for each side would provide argument and support via applicable law or facts. The dissent states:
"The magistrate did not cite any case law for his position other than in regard to imputed liability for purposes of Civ.R. 60(B). Moreover, I have not located any support for the application of `vicarious liability' under such circumstances." Infra at ¶ 17.
However, this issue of vicarious liability was not raised to this Court, briefed, or argued. Furthermore, as it was not the basis for the trial court's judgment, the court's consideration or decision on this particular issue is as of yet unstated.
 {¶ 9} While we feel at this point somewhat obligated to defend our opinion that the law on this issue is not so well settled as the dissent would suggest, we are reluctant to take too active a role in this debate. As this Court routinely cautions, even if an argument for a cause may exist, it is not this Court's duty to root it out. See, e.g.,Calvaruso v. Calvaruso, 9th Dist. No. 21392, 2003-Ohio-4906,\ at ¶ 19;State v. Patton, 9th Dist. No. 02CA0113-M, 2003-Ohio-4030, at ¶ 15;Harris v. Nome, 9th Dist. No. 21071, 2002-Ohio-6994, at ¶ 15; Pearn v.Daimler Chrysler Corp., 148 Ohio App.3d 228, 2002-Ohio-3197, at ¶ 36. Therefore, we will merely point to authority for the broad but analogous proposition that an attorney's sins may in fact be visited upon the client:
"There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." (Internal quotations omitted.) Link v. Wabash R.R. Co. (1962), 370 U.S. 626, 633-34,8 L.Ed.2d 734.
Notably, at this point, we will not rush to the conclusion that dismissal of a plaintiff's otherwise valid claim is any less punitive to the client than imposition of the fees in this case. In fact, the Link
dissent considered this question:
"Or had the trial judge here, instead of putting an end to plaintiff's substantial cause of action, simply imposed a fine of several thousand dollars upon the plaintiff because of his lawyer's neglect, I cannot doubt that this Court would unanimously reverse such an unjust penalty. The result actually reached here, however, is that this Court condones a situation no different in fact from either of those described above." Id. at 646 (Black, J., and Warren, C.J., dissenting). Thus, by "condon[ing] a situation no different in fact," we do find some authority for this vicarious liability proposition. See, also, GTE AutomaticElec., Inc. v. Arc Indus., Inc. (1976), 47 Ohio St.2d 146, 152 (upholdingLink in stating, "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent"); Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77 (reaffirming and upholding Link in a case awarding default judgment).
 {¶ 10} We also note that a further hearing on remand may afford the trial court with evidence of frivolous conduct by these clients, in addition to that of the attorney, which would otherwise support the sanctions. See Masturzo v. Revere Road Synagogue (1994),98 Ohio App.3d 347 (upholding frivolous conduct penalties against both the attorney and the client). That is, we note that these clients continued to press the case pro se and contest the magistrate's inquiry even after the attorney had passed away. These facts may undo the dissent's argument.
 {¶ 11} Regarding the dissent's "common sense" argument, infra ¶ 19, we note that the Link dissenters espoused the same argument:
"Surely it cannot be said that there was a duty resting upon Link, a layman plaintiff, to try to supervise the daily professional services of the lawyer he had chosen to represent him. How could he know, even assuming that it is true, that his lawyer was a careless man or that he would have an adverse effect upon the trial judge by failing to appear when ordered? How could he know or why should he be presumed to know that it was his duty to see that the many steps a lawyer needs to take to bring his case to trial had been taken by his lawyer?" Link,370 U.S. at 647 (Black, J., and Warren, C.J., dissenting). Yet the Link
majority remained unpersuaded, and held that clients are indeed bound by their counsel's conduct. Id. at 633-34. Similarly, we decline join Justice Black, Chief Justice Warren, and the dissent, infra, in creating a new interpretation of this rule. Moreover, we particularly decline to do so solely on our own initiative. This assignment of error is sustained.
 B. First Assignment of Error
"The court of appeals can take judicial notice of self authenticating documents."
 Third Assignment of Error
"The trial court's order was against the manifest weight of the evidence."
 {¶ 12} In his first and third assignments of error, Mr. Schock offers two additional arguments on the same theme: that actual evidence of the attorney's cause of death is contrary to the trial court's decision, and that the decision was against the manifest weight of the evidence. In light of our disposition of Mr. Schock's second assignment of error, we decline to address his alternative assignments of error as they have been rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 13} Mr. Schock's second assignment of error sustained. His other assignments of error are not addressed. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.