[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rogers v. Pat Salmon & Sons, Inc.,* Slip Opinion No. 2014-Ohio-3689.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3689

THE STATE EX REL. ROGERS, APPELLANT, *v.* PAT SALMON & SONS, INC.

ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rogers v. Pat Salmon & Sons, Inc.,* Slip Opinion No. 2014-Ohio-3689.]

Workers' compensation—Court of appeals' judgment affirmed.

(No. 2013-0524—Submitted July 8, 2014—Decided August 28, 2014.)

APPEAL from the Court of Appeals for Franklin County,

No. 12AP-113, 2013-Ohio-284.

_____

{¶ 1} The judgment of the court of appeals is affirmed for the reasons stated in the opinion of the court of appeals.

_____

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., dissents.

---

**O'NEILL, J., dissenting**.

{¶ 2} On February 25, 2005, Kelvin Rogers, a truck driver for Pat Salmon & Sons, Inc., was injured when he was stepping down from his truck. He filed for Workers' Compensation benefits, and the claim was allowed for sprain of right knee, sprain of lumbar region, herniated disc, disc protrusion, major depressive disorder with psychotic features, and lumbar degenerative disc disease. As a result of his injuries, he has not been able to return to the job since 2005.

{¶ 3} Rogers filed an application for permanent-total-disability benefits. However, his treating psychologist and a psychologist examining Rogers on behalf of the Industrial Commission differed distinctly in their opinions of his condition. Rogers's treating psychologist believed that he was totally disabled, while the psychologist used by the Industrial Commission believed that Rogers was faking his injuries and could work. Donald J. Tosi, Ph.D., the Industrial Commission's psychologist, was equivocal with regard to the reliability of his own findings, concluding that despite the fact that results of a test administered by him showed that Rogers continued to suffer from major depression and needed treatment, the validity of the test findings was limited by Rogers's responses. Based upon the doctor's confusing findings, a request to depose the doctor was made. As is true in any adversarial proceeding, fundamental fairness required the Industrial Commission to thoroughly evaluate the weight to be given to any testimony. This is particularly true in the area of competing doctors' opinions.

{¶ 4} This is not what happened here. Instead, Rogers's request to depose Dr. Tosi was rejected on the basis that the motion was unreasonable. The staff hearing officer determined that the report was not ambiguous or internally inconsistent and that any discrepancies found in the report could be resolved by the hearing officer adjudicating the permanent-total-disability application. That is not due process. This court previously used two criteria, after addressing other

criteria formerly set forth in the Ohio Administrative Code, in determining the reasonableness of the request for a deposition: whether the defect in the physician's report can be cured by a deposition and whether the disability hearing is not a reasonable option for a resolution. *State ex rel. Cox v. Greyhound Food Mgt., Inc.*, 95 Ohio St.3d 353, 2002-Ohio-2335, 767 N.E.2d 1155. The case before us demonstrates the frailty and necessity of that determination. Perhaps the defects in Dr. Tosi's report could have been resolved at the disability hearing. Or maybe the report was so seriously flawed that any fair reading of the doctor's opinion would be speculative at best. The simple fact is that the defects in the report were not cured at the hearing. Incredibly, without even referencing the reports of Rogers's treating psychologist or physician and while making no mention whatsoever of the inconsistencies and contradictions in Dr. Tosi's report, the application for permanent-total-disability benefits was denied based on the medical reports of Dr. Tosi and another Industrial Commission physician.

{¶ 5} What we are left with is an application for permanent-total-disability benefits that was denied based upon medical evidence that has never faced the crucible of inquiry. In its simplest terms, this is a denial of due process. Certainly R.C. 4123.09 does not require the Industrial Commission to allow the taking of depositions. *State ex rel. Gen. Motors Corp. v. Indus. Comm.,* 47 Ohio St.2d 244, 251, 351 N.E.2d 442 (1976). The Ohio Administrative Code requires only that the request to depose a physician be reasonable. Ohio Adm.Code 4121-3-09(A)(8)(d). And R.C. 4123.10 states that the Industrial Commission shall not be bound by the usual common law or rules of evidence. Workers' compensation hearings are not trials. They are administrative proceedings in which procedural due process does not and cannot require strict application of the judicial model. *Doyle v. Bur. of Motor Vehicles,* 51 Ohio St.3d 46, 51, 554 N.E.2d 97 (1990), citing *Dixon v. Love,* 431 U.S. 105, 115 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977). That does not mean that there is no place for due process in administrative

hearings. In *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), cited by this court in *Doyle*, the Supreme Court of the United States examined whether the administrative procedures followed when a recipient's Social Security disability benefits were terminated conformed with due process. The Supreme Court identified three factors that must be considered to determine whether the process granted in the administrative proceeding was constitutionally adequate: first, the private interest at stake; second, the risk of an erroneous deprivation of that interest and the probable value of additional or substitute procedural safeguards; and third, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. *Mathews* at 335. When those factors are applied to this case, it is clear that Rogers has a significant interest in challenging Dr. Tosi's contradictory medical opinion, which was the basis for the denial of permanent-total-disability benefits. Next, subjecting Dr. Tosi's report to further inquiry would ensure basic fairness and reduce the risk of the erroneous deprivation of Rogers's permanent-total-disability benefits. Finally, although there might be some administrative burden in terms of more information to review, i.e., additional testimony for the Industrial Commission to consider, I submit that particularly in cases like this, when the medical opinion contradicts itself, basic fairness and public confidence in the administrative process outweigh that burden.

{¶ 6} I am convinced that if the Tenth District had reviewed this case to ensure that Rogers's application received fair treatment, this case would not be before us today, and I would not be dissenting from this judgment entry. The court of appeals abused its discretion when it concluded that Rogers did not make an argument specific enough to make a reasonableness determination. The request for the deposition needed only to put the Industrial Commission on notice that Rogers was challenging the foundation of the doctor's conclusion that he was in

some way faking his condition, a conclusion that was contrary to test results administered by that same doctor.

**{¶ 7}** Dr. Tosi's report is contradictory on its face, and equivocal medical opinions are not evidence. *State ex rel. Eberhardt v. Flexible Corp.*, 70 Ohio St.3d 649, 657, 640 N.E.2d 815 (1994), citing *State ex rel. Woodard v. Frigidaire Div., Gen. Motors Corp.*, 18 Ohio St.3d 110, 113, 480 N.E.2d 403 (1985), and *State ex rel. Kokocinski v. Indus. Comm.*, 11 Ohio St.3d 186, 464 N.E.2d 564 (1984).

**{¶ 8}** The Tenth District and the Industrial Commission got this case wrong. Due process requires that when a medical report is used to challenge a claim, the claimant must be permitted to inquire further. This is particularly true if the medical report is contradictory or, as here, the medical provider is alleging that the claimant is faking the extent of his disability. Is that truly any different than labeling the injured worker a liar? At a minimum, this court should grant a writ compelling the Industrial Commission to allow Rogers to depose Dr. Tosi.

_____

Law Office of James A. Whittaker, L.L.C., Laura I. Murphy, and James A. Whittaker, for appellant.

Michael DeWine, Attorney General, and LaTwanda N. Moore, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____