THE STATE EX REL. SUPERIOR'S BRAND MEATS, INC., APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Superior's Brand Meats, Inc.
v. Indus. Comm.* (1997), 78 Ohio St.3d 409.]

(No. 94–2754—Submitted February 18, 1997—Decided May 14, 1997.)

*Buckingham, Doolittle & Burroughs, Eleanor J. Tschugunov, Lori A. Skinner* and *Brett L. Miller,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Yolanda V. Vorys,* Assistant Attorney General, for appellee Industrial Commission.

*Ward, Kaps, Bainbridge, Maurer & Melvin* and *William J. Melvin,* for appellee Romano.

---

*Per Curiam.* We are asked to determine whether the commission abused its discretion in finding that claimant did not voluntarily abandon his former position of employment. For the reasons that follow, we find that it did not, and affirm the judgment of the court of appeals.

Voluntary abandonment of the former position of employment can bar temporary total disability compensation. *State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678. In this instance, the timing of Superior's assertion of this defense and submission of supporting evidence forecloses further evidentiary review on our part.

Superior's did not specifically allege that claimant had voluntarily abandoned his former position of employment until the December 10, 1992 staff hearing. Superior's did not, however, submit evidence in support of this allegation at that time. The staff hearing officers did not, therefore, abuse their discretion in finding "insufficient evidence that Claimant voluntarily abandoned his employment."

The commission also did not abuse its discretion in failing to vacate that determination in response to the motion for rehearing of Superior's. A rehearing is not mandatory. Contrary to the suggestion of Superior's, its newly submitted evidence did not compel rehearing and a denial of compensation. The commission found that Superior's did not satisfy the prerequisites necessary for further administrative review. Such a determination was within the commission's sound discretion.

Superior's secondarily argues that the timing of its evidentiary submission was irrelevant, since the burden of proof was on the claimant to establish his entitlement to temporary total disability compensation. We interpret this argument to mean that in addition to fulfilling the criteria set forth in *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586, the claimant must disprove every conceivable basis for denying compensation. We do not impose a burden on the commission to deny every potential basis for compensation (*State ex rel. Brady v. Indus. Comm.* [1986], 28 Ohio St.3d 241, 28 OBR 322, 503 N.E.2d 173), nor will we impose the same kind of burden now upon the claimant.

The commission's award of temporary total disability compensation was supported by "some evidence"—Dr. Porter's C85A certification. The commission's order also adequately explained why the assertion of Superior's that claimant

voluntarily abandoned his former position of employment was rejected. No more is required.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.