[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 409.]

THE STATE EX REL. SUPERIOR'S BRAND MEATS, INC., APPELLANT, v.

INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Superior's Brand Meats, Inc. v. Indus. Comm.*,

1997-Ohio-9.]

*Workers' compensation—Application for temporary total disability compensation granted—Industrial Commission did not abuse its discretion in rejecting employer's assertion that claimant voluntarily abandoned his former position of employment, when—Commission's award supported by "some evidence," when.*

(No. 94-2754--Submitted  February 18, 1997--Decided May 14, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD12-1660.

————————————

{¶ 1} Appellee-claimant, Edward A. Romano, was injured in 1976 while in the course of and arising from his employment with appellant, Superior's Brand Meats, Inc. ("Superior's").  His workers' compensation claim was eventually allowed for "contusion of posterior neck and lower back; strain and sprain of paracervical and paralumbar muscles and ligaments."  While the parties agree that some compensation and benefits followed, the record lacks evidence of regular, ongoing treatment for claimant.

{¶ 2} Claimant's employment with Superior's ended in 1978.  Thirteen years later, he filed a C85A claim reactivation form  seeking, among other things, temporary total disability compensation commencing October 9, 1991,  based upon the certification of Edwin D. Porter, D.C.

{¶ 3} A district hearing officer for appellee Industrial Commission of Ohio granted the application and awarded temporary total disability compensation from October 9, 1991through December 4, 1991, writing:

"Temporary Total Compensation is awarded from October 9, 1991 to December 4, 1991, inclusive. Claimant returned to work on December 5, 1991.

"Authorization is granted for payment of medical treatment rendered to date and further medical treatment as requested.

"The Hearing Officer, in making this finding, has relied on the following evidence: Dr. Porter, claimant's physician's finding per the Application to Re-activate Claim."

{¶ 4} Superior's appealed, writing:

"The employer does not agree with the decision to allow a C85-A to re-activate this claim after five years of no medical treatment and nine years of no lost time for the allowed condition in this claim."

{¶ 5} A regional board of review affirmed the district hearing officer's order without comment. Superior's again appealed, stating:

"The employer does not agree to the re-activation of this claim. The employer filed a motion on May 7, 1992 requesting a 9B4 [medical] exam. Medical support has not been given."

{¶ 6} Staff hearing officers heard the appeal on December 10, 1992. They affirmed the regional board as follows:

"It is the finding and order of the Hearing Officers that said appeal be denied, and the finding and order of the Regional Board be affirmed for the reason that it is supported by proof of record and is not contrary to law.

"The Self-Insured Employer alleges Claimant voluntarily abandoned his former position of employment when he quit his employment on 3-28-78.

"The employer has proffered no evidence indicating why Claimant left his employment. C-174 reports in file indicate the Employer has paid several periods of Temporary Total Compensation subsequent to 3-28-78. Therefore, the Hearing Officers find there is insufficient evidence that Claimant voluntarily abandoned his employment."

2

**{¶ 7}** In correspondence to the commission dated February 11, 1993, Superior's moved for rehearing. In a May 25, 1993 follow-up letter, Superior's submitted for the first time evidence in support of its assertion of claimant's voluntary abandonment of his former position of employment. Rehearing, however, was denied "pursuant to Industrial Commission resolution R92-1-3(E) for the reason that the grounds for reconsideration set forth in your request do not meet any of the criteria set forth in Industrial Commission Resolution R92-1-3(D)(1)(A) or (B)."

**{¶ 8}** Superior's responded with a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in awarding temporary total disability compensation. The appellate court disagreed and denied the writ.

**{¶ 9}** This cause is now before this court upon an appeal as of right.

_____

*Buckingham, Doolittle & Burroughs, Eleanor J. Tschugunov, Lori A. Skinner* and *Brett L. Miller*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Yolanda V. Vorys*, Assistant Attorney General, for appellee Industrial Commission.

*Ward, Kaps, Bainbridge, Maurer & Melvin* and *William J. Melvin*, for appellee Romano.

_____

***Per Curiam.***

**{¶ 10}** We are asked to determine whether the commission abused its discretion in finding that claimant did not voluntarily abandon his former position of employment. For the reasons that follow, we find that it did not, and affirm the judgment of the court of appeals.

**{¶ 11}** Voluntary abandonment of the former position of employment can bar temporary total disability compensation. *State ex rel. Rockwell Internatl. v.*

*Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678. In this instance, the timing of Superior's assertion of this defense and submission of supporting evidence forecloses further evidentiary review on our part.

{¶ 12} Superior's did not specifically allege that claimant had voluntarily abandoned his former position of employment until the December 10, 1992 staff hearing. Superior's did not, however, submit evidence in support of this allegation at that time. The staff hearing officers did not, therefore, abuse their discretion in finding "insufficient evidence that Claimant voluntarily abandoned his employment."

{¶ 13} The commission also did not abuse its discretion in failing to vacate that determination in response to the motion for rehearing of Superior's. A rehearing is not mandatory. Contrary to the suggestion of Superior's, its newly submitted evidence did not compel rehearing and a denial of compensation. The commission found that Superior's did not satisfy the prerequisites necessary for further administrative review. Such a determination was within the commission's sound discretion.

{¶ 14} Superior's secondarily argues that the timing of its evidentiary submission was irrelevant, since the burden of proof was on the claimant to establish his entitlement to temporary total disability compensation. We interpret this argument to mean that in addition to fulfilling the criteria set forth in *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586, the claimant must disprove every conceivable basis for denying compensation. We do not impose a burden on the commission to deny every potential basis for compensation (*State ex rel. Brady v. Indus. Comm.* [1986], 28 Ohio St.3d 241, 28 OBR 322, 503 N.E.2d 173), nor will we impose the same kind of burden now upon the claimant.

{¶ 15} The commission's award of temporary total disability compensation was supported by "some evidence"—Dr. Porter's C85A certification. The

commission's order also adequately explained why Superior's assertion of claimant's voluntarily abandoned his former position of employment was rejected. No more is required.

**{¶ 16}** Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____