THE STATE, EX REL. ANDERSON, APPELLANT, *v.* THE STATE OF OHIO, DEPT. OF STATE PERSONNEL, ET AL., APPELLEES.

(No. 79-188—Decided December 12, 1979.)

*Mr. John R. Workman,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. James R. Piercy,* for appellees.

*Per Curiam.* In substance, appellant alleges that the commission abused its discretion in denying his motion for permanent and total disability. It is well established that mandamus will not lie where there is some evidence to support the finding of the Industrial Commission. However, where there is no evidence upon which the commission could have based its factual conclusion an abuse of discretion is presented and mandamus becomes appropriate. *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55.

We agree with appellant that the commission's conclusion that he is not permanently and totally disabled could not be based on any evidence before the commission. Dr. Cordell's report cannot constitute such evidence because he did not conclude whether appellant is permanently and totally disabled. See *Wallace, supra.* His report was merely a recommendation that the commission order another psychiatric examination. In addition, Dr. Giray found appellant to be permanently and totally disabled; Dr. Tsai found that appellant suffered from severe depressive anxiety neurosis and would be permanently and totally disabled if his physical disability were greater than 20 percent; and Dr. Hansell examined appellant before his psychiatric disability was recognized and found permanent partial disability.

Appellees also reach the conclusion that the commission had the discretion to deny appellant's motion for permanent and total disability pursuant to R. C. 4123.53 because he refused to submit to an examination ordered by the commission. The commission's order, however, states that it denied appellant's motion because it found from proof of record that he was not permanently and totally disabled. It does not mention that he failed to submit to an examination. Further, R. C. 4123.53 states that if a claimant refuses to submit to an examination ordered by the commission "his right to have his claim for compensation considered***shall be *suspended* during the period of such refusal***." (Emphasis added.) Denial of a claim cannot be equated with suspension of consideration of that claim.

Accordingly, the judgment of the Court of Appeals is reversed, and the writ of mandamus allowed ordering the com-

mission to vacate its August 31, 1977, order and to proceed with appellant's motion for permanent and total disability.

*Judgment reversed*
*and writ allowed.*

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY and LOCHER, JJ., concur.

W. BROWN, J., dissents.

HOLMES, J., not participating.