THE STATE, EX REL. ANDERSON, APPELLANT, *v.* INDUSTRIAL COMMISSION ET AL., APPELLEES.

[Cite as State, ex rel. Anderson, *v.* Indus. Comm. (1984), 9 Ohio St. 3d 170.]

(Nos. 82-1776 and 82-1567—Decided February 15, 1984.)

*Mr. Michael Muldoon,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Thomas E. Skilken,* for appellee Industrial Commission.

*Per Curiam.*

I

This court has consistently held that a writ of mandamus will lie only

where there has been a showing that relator has a clear legal right to the relief prayed for, a clear duty to perform the requested act, and that relator has no plain and adequate remedy at law. *State, ex rel. Westchester Estates, Inc.,* v. *Bacon* (1980), 61 Ohio St. 3d 42 [15 O.O.3d 53], paragraph one of the syllabus. The second action in mandamus, now being appealed, sought to compel the commission to comply with the writ previously issued by finding appellant permanently and totally disabled. This very specific request is not consonant with the more general mandate of the writ: that the commission proceed on appellant's motion. A writ of mandamus will not lie where the specific act requested is not clearly required of the official to whom it is directed.

## II

R.C. 2705.02 states:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ * * *."

Appellant contends that the commission has disobeyed the mandate of the writ previously issued. The court of appeals directed the commission to vacate the order of August 31, 1977 and proceed with appellant's motion. All parties concede that the commission has complied with the first prong of the order. The commission insists that it initiated compliance with the second prong of the order also, but that appellant's refusal to submit to a psychiatric examination gives it authority, pursuant to R.C. 4123.53, to suspend further consideration of his motion.

R.C. 4123.53 states succinctly: "Any employee claiming the right to receive compensation may be required by the industrial commission to submit himself for medical examination *at any time, and from time to time* * * *. If such employee refuses to submit to any such examination * * * his right to have his claim for compensation considered * * * shall be suspended during the period of such refusal * * *." (Emphasis added.) This statute gives the commission wide discretion with regard to requests for medical examinations. It could reasonably be concluded that the commission's actions complied with the writ's mandate to proceed. The court of appeals described them as a " 'good-faith response to an unspecific order.' " It nevertheless granted appellant's motion and found the commission to be in contempt. The finding was accompanied by an order instructing the commission to schedule a hearing and promptly dispose of appellant's motion.

Appellant contends that the commission should be made to find him permanently and totally disabled as punishment for contempt. The court of appeals, however, has wide discretion to determine the punishment for contempt of its own orders. Its instructions to the commission appear to be directed toward the resolution of this well-oiled standoff. The record contains evidence indicating their appropriateness.

In workers' compensation cases, a court may issue a writ of mandamus

if, based on the evidence, an abuse of discretion has been shown. *State, ex rel. Teece,* v. *Indus Comm.* (1981), 68 Ohio St. 2d 165 [22 O.O.3d 400]. No abuse of discretion having been shown, the judgments of the court of appeals are affirmed.

*Judgments affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

C. BROWN and J. P. CELEBREZZE, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. The decision of the court in this case stands as a blind endorsement of an abuse of process by the Industrial Commission. For the following reasons I dissent.

The appellant filed for permanent and total disability as a result of his injury on November 17, 1975. Appellant submitted himself to two separate examinations where both psychiatrists, Dr. Saim Giray and Dr. Thomas Tsai, concluded after complete examination that the appellant was permanently and totally disabled due to the combination of his neurosis and his injury. The commission then further submitted Dr. Tsai's report to Dr. Lon Cordell for peer review. Dr. Cordell noted that Dr. Tsai did not specifically conclude that appellant's neurosis was caused by his injury and recommended further examinations.

At this point in time, appellant refused to submit to further examination having already undergone two such examinations. On August 31, 1977 the commission denied the appellant's motion finding from proof of record that he was not permanently and totally disabled. The commission's order stated, "the finding and order is based on the medical reports of Dr. R. J. Hansell, Dr. Thomas Tsai, Dr. Lon Cordell, evidence in the file and evidence adduced at the hearing."

It was from this action that the first appeal in this case began culminating in the issuance of a writ by this court in 1979. See *State, ex rel. Anderson,* v. *State* (1979), 60 Ohio St. 2d 106 [14 O.O.3d 339]. The court found in that case that there was no evidence in the record which supported the denial of appellant's motion. *Id.* at 108. Based upon this finding it was the judgment of the court that the court of appeals be reversed and the writ allowed ordering the commission to "* * * vacate its August 31, 1977, order and to proceed with appellant's motion for permanent and total disability." *Id.* at 108-109.

The judgment of the court in *State, ex rel. Anderson, supra,* means, or should mean, that the Industrial Commission was to proceed with the granting of appellant's motion. Instead the commission ignored the writ and ordered appellant to submit to further examination. No action was had on appellant's motion until nearly two years later when he filed a second man-

damus action to compel the commission to take action as required by the writ issued in *State, ex rel. Anderson.*

The decision by this court in this case is totally contrary to the 1979 judgment issued. The writ issued in 1979 was not meant to be an endorsement for the Industrial Commission to continue shuttling appellant from one medical or psychiatric exam to another until it found one which favored the commission. The 1979 judgment was clear. It required the commission to grant appellant's motion for permanent and total disability. It further found that there was no evidence in the record to support the commission's conclusion that appellant was not permanently and totally disabled. Based on these two conclusions the commission should have had no choice but to issue an order granting the motion of appellant for permanent and total disability.

When the commission did not grant the motion of appellant it flew in the face of the 1979 judgment of this court. Such action is without question contemptuous. However, the majority today has endorsed this flagrant abuse by the commission and has further laid the foundation for future abuses by the commission based on this precedent. When this court orders a body such as the commission to act on a motion then that body must act.

Therefore, I would reverse the judgments of the court of appeals finding this entire proceeding to be an unquestioned abuse of process. I would further order a writ to issue granting appellant's motion and thereby granting to appellant an award of permanent and total disability based upon the complete record before this court in the present case and the previous *State, ex rel. Anderson* case.

J. P. CELEBREZZE, J., concurs in the foregoing dissenting opinion.