ADKINS, APPELLANT *v.* WORTHINGTON INDUSTRIES, INC. ET AL., APPELLEES.

(No. 84AP-173—Decided November 6, 1984.)

*Butler, Cincione, DiCuccio & Dritz, Stanley B. Dritz* and *John C. Dowling,* for appellant.

*Vorys, Sater, Seymour & Pease,*

*James P. Friedt* and *Joseph A. Brunetto,* for appellee Worthington Industries, Inc.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Bradley J. Finn,* for appellees Administrator and Industrial Commission.

WHITESIDE, J. Claimant-appellant, Jack M. Adkins, Jr., appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint and rendering final judgment finding that he is not entitled to participate in the benefits of the Workers' Compensation Fund for an injury occurring on April 5, 1982. In support of his appeal, Adkins raises a single assignment of error as follows:

"The trial court abused its discretion by dismissing this case pursuant to Rule 37(B) of the Ohio Rules of Civil Procedure, because it did not make a finding that the plaintiff-appellant's failure to appear at a physical examination was the result of willfulness, bad faith or fault and because it did not afford the plaintiff-appellant an adequate hearing upon the record."

In the trial court, this action was initiated by appellee Worthington Industries, by filing a notice of appeal from a decision of the Industrial Commission allowing Adkins' claim for participation in the Workers' Compensation Fund for an injury sustained in the course of his employment with Worthington Industries causing lumbosacral strain with radiculopathy to the left leg. Pursuant to R.C. 4123.519, Adkins, as claimant, filed a complaint setting forth his claim and the underlying circumstances. Thereafter, appellee Industrial Commission filed an answer admitting the allegations of the complaint, but Worthington Industries filed an answer specifically denying that Adkins received an injury in the course of and arising out of his employment with Worthington Industries on April 5, 1982.

Thereafter, various conferences were scheduled with the trial court, resulting in a pretrial order entered September 21, 1983 stating that: "Discovery, medical examinations, if needed, and depositions will proceed by mutual agreement between the parties and will be completed by December 5, 1983." The trial was scheduled for January 5, 1984, with the further proviso that, if the parties were unable to agree, a pretrial conference would be held on December 6, 1983. On that date, a second pretrial order was entered, stating in part:

"Discovery has been delayed because of plaintiff's absence from the State. He is to present himself for an examination at a time in the next four weeks scheduled by defendant. Failure to report for examination will result in sanctions including the sanction of dismissal."

The order also rescheduled the trial for January 25, 1984.

On January 13, 1984, Worthington Industries filed a motion to dismiss, to which were attached copies of two letters from counsel for Worthington Industries addressed to counsel for Adkins. The first was dated November 7, 1983, and purported to confirm a telephone conversation of November 8, 1983, concerning discovery and indicating that a physical examination had been scheduled for Adkins on November 23, 1983, but indicating "that the foregoing arrangements are tentative and are subject to confirmation with your client." The second letter is dated December 9, 1983, and indicates that a physical examination had been scheduled for Adkins for Thursday, January 5, 1984. The trial court scheduled a hearing on the motion for January 20, 1984. On that date, the trial court entered the order from which this appeal is taken, stating in pertinent part as follows:

"Hearing was held on the motion to dismiss.

"The Court finds plaintiff failed to comply with the Order of December 6, 1983 and failed to notify anyone of a reason for not appearing for the scheduled examination or to make alternate arrangement.

"Accordingly, the motion is SUSTAINED, the complaint is dismissed, judgment is entered for defendants and costs are taxed to plaintiff."

Six days later, the trial court entered a second order clarifying the first since this was a workers' compensation case, and the original entry did not properly dispose of the matter, the second entry specifically stating: "* * * final judgment is hereby entered for defendants finding plaintiff not entitled to participate in the benefits of the Worker's Compensation Fund for an injury occurring on April 5, 1982."

Adkins contends that the trial court abused its discretion in dismissing this action, there being no finding that his failure was a result of willfulness or bad faith. We agree.

Worthington Industries relies upon the decision of this court in *Rauchenstein* v. *Kroger Co.* (1981), 3 Ohio App. 3d 178, as indicating that proof of willfulness or bad faith is not necessary for the drastic action of dismissal as a discovery sanction. While that case also involves workers' compensation, the claimant was the appellant and failed to comply with a discovery order requiring the claimant to appear for a deposition pursuant to an order of the trial court after having failed to appear on two previous occasions for a deposition scheduled by agreement of counsel prior to the trial court order. A full opportunity was afforded the claimant in that case to present any evidence explaining his nonappearance, and this court noted at 180: "Under the circumstances, it is difficult to conclude that plaintiff's failure to comply with the discovery order was due to anything other than his willfulness, bad faith, or fault." We did not conclude, as appellee suggests, that a finding of willfulness or bad faith is not a prerequisite to the severe sanction of dismissal for a discovery violation. The Supreme Court specifically removed any doubt in *Toney* v. *Berkemer* (1983), 6 Ohio St. 3d 455, the syllabus of which states:

"It is an abuse of discretion for a trial court to grant a default judgment for failing to respond to discovery requests when the record does not show willfulness or bad faith on the part of the responding party."

Here, there is no such finding by the trial court and no evidence in the record supporting such a finding. Rather, the only finding by the trial court is that Adkins violated the December 6, 1983 order of the trial court by failing to appear for a physical examination scheduled for the last possible day permissible under that order. Nor is there anything in the record suggesting any reason why the physical examination was so essential to the case of Worthington Industries.

This is a workers' compensation case on appeal from a decision of the Industrial Commission. All issues have been explored, and the parties have been afforded an opportunity to present evidence, including medical evidence, and Worthington Industries, as employer, had a right to request that Adkins be examined by a physician of its choice during the administrative proceedings. Adkins, as claimant, was required by R.C. 4123.53 to submit to a medical examination if required to do so by the Industrial Commission. However, even if he was ordered by the Industrial Commission to submit to a medical examination and failed or refused to do so, it would be an abuse of discretion for the Industrial Commission as a sanction to enter a decision finding Adkins not entitled to participate in the Workers' Compensation Fund. *State, ex rel.*

*Anderson,* v. *State* (1979), 60 Ohio St. 2d 106 [14 O.O.3d 339].

R.C. 4123.519 provides that a workers' compensation appeal by an employer shall proceed as in a trial of a civil action. However, where a claimant has been found to be entitled to participate in the Workers' Compensation Fund, we have some difficulty in justifying a greater sanction being imposed upon the claimant for failure to submit to a medical examination requested by the employer during the civil action than would have been the case if the claimant refused to submit to a medical examination ordered by the Industrial Commission during the administrative proceeding, at least in the absence of a showing of willfulness or bad faith on the part of the claimant and an explanation of why the employer did not request the medical examination during the administrative proceeding.

Here, not only is there no evidence of willfulness or bad faith, but the trial court made no finding with respect thereto, and Adkins contends that the trial court refused to permit evidence explaining the circumstances surrounding his failure to keep the appointment for the medical examination. This is of particular significance in this case, inasmuch as, in the September 21, 1983 pretrial order, the court noted that: "The parties may stipulate plaintiff's injuries leaving only the question of whether the injuries were sustained in the course of employment as the issue to be tried. This will eliminate considerable discovery time and expense." Similarly, the answer of Worthington Industries did not specifically raise a medical issue but, rather, denied only that appellant received an injury in the course of and arising out of his employment and admitted that the claim was allowed for lumbosacral strain with radiculopathy to the left leg. There is no explanation in the record as to why the medical issue later assumed such great importance. On the other hand, the notice of appeal would appear to raise only an issue as to the allowed condition since, in referring to the order appealed from, it states only "which order allowed the claim for lumbosacral strain with radiculopathy to the left leg," and makes no mention of a determination that an injury was sustained in the course of and arising out of the employment on the specified date. However, R.C. 4123.519 does not require a narrative description of the order appealed from but only "the names of the claimant and the employer, the number of the claim * * * [and] the date of the decision appealed from."

Nevertheless, we conclude that the harsh remedy of a default judgment in favor of the employer is inappropriate in a workers' compensation appeal by the employer for failure of the claimant to comply with a discovery order, including a medical examination order, where the Industrial Commission not only has found for the claimant but also has in effect confessed judgment by its answer, especially in the absence of an affirmative showing in the record of willfulness and bad faith on the part of the claimant.

Worthington Industries does contend that the record shows bad faith and willfulness. However, if a mere failure to comply with an order constituted an affirmative showing of willfulness and bad faith, the requirement of *Toney, supra,* that the record so show would be meaningless. Because of the special nature of a workers' compensation appeal by an employer, there is even a greater reason for exceedingly sparing use of the harsh remedy of an affirmative default judgment than would be the case in an ordinary civil action such as was involved in *Toney.*

Although not raised by the parties and not determinative herein since the Industrial Commission has not appealed, it should be noted that Civ. R. 55(D) may well preclude a judgment by default such as was entered in this case in the absence of evidence demonstrating the

correctness of the result reached. Here, the only finding by the trial court was that Adkins failed to appear for a scheduled medical examination and to notify anyone of a reason for not appearing or to make alternative arrangements. There is no finding of willfulness or bad faith.

Accordingly, the assignment of error is well-taken since the trial court failed to make affirmative findings based upon sufficient evidence of willfulness, bad faith or fault, which is a prerequisite to imposing the harsh sanction of a default judgment in a civil action. Although in its judgment entry the trial court purported to dismiss the complaint, which would give continued effectiveness to the decision of the Industrial Commission, we have treated the matter as one for an affirmative default judgment since the trial court went on to affirmatively find appellant not to be entitled to participate in the Workers' Compensation Fund.

For the foregoing reasons, the assignment of error is sustained, the judgment of the court of common pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed and cause remanded.*

STILLMAN, J., concurs.

STRAUSBAUGH, J., dissents.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

STRAUSBAUGH, J., dissenting. Being unable to concur with the opinion of the majority, I am forced to dissent.

In the trial court's order of December 6, 1983, appellant was warned that failure to report for ex-

amination would result in sanctions, including the sanction of dismissal, the order stating:

"Discovery has been delayed because of plaintiff's absence from the State. He is to present himself for an examination at a time in the next four weeks scheduled by defendant. Failure to report for examination will result in sanctions including the sanction of dismissal.

"The trial date of January 5, 1984 is vacated and this matter is reassigned for jury trial Wednesday, January 25, 1984 at 9:00 A.M."

Appellant complains that the trial court did not afford him an adequate hearing upon the record; yet, the trial court in its decision and judgment entry recites that a hearing was held on the motion to dismiss, and states:

*"Hearing was held on the motion to dismiss.*

"The Court finds plaintiff failed to comply with the Order of December 6, 1983 and failed to notify anyone of a reason for not appearing for the scheduled examination or to make alternate arrangement.

"Accordingly, the motion is SUSTAINED, the complaint is dismissed, judgment is entered for defendants and costs are taxed to plaintiff." (Emphasis added.) It is from this decision and subsequent judgment entry, filed January 20, 1984, that this appeal is taken.

Appellant alleges in his brief that he was present at the hearing and was ready, willing and able to testify regarding his inability to attend the deposition and physical examination, but that the trial court refused to accept any evidence on the matter and refused to allow a record to be made of its proceedings or its reasons for sustaining the motion. This argument is in direct contravention of the decision and judgment of the trial court and is unsupported by any transcript filed under App. R. 9(B), or in lieu thereof a statement of evidence or pro-

ceedings when no report was made or when the transcript is unavailable under App. R. 9(C). I fail to find any abuse of discretion on the part of the trial court, and, based upon the law as set forth by this court in *Rauchenstein* v. *Kroger Co.* (1981), 3 Ohio App. 3d 178, wherein we held that, where it has not been established that failure to comply with a discovery order was due to inability, such as illness rather than willfulness, bad faith or any other fault of the party failing to comply, the trial court does not abuse its discretion in ordering dismissal of the pending action pursuant to Civ. R. 37(B).

Civ. R. 37(B)(2) provides:

"If any party * * * fails to obey an order to provide or permit discovery * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

"* * *

"(c) An order * * * dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; * * *"

For the foregoing reasons, appellant's single assignment of error should be overruled, and the judgment of the trial court should be affirmed.